UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8322 MRA (AS) | Date | January 21, 2025 |
|---|---|---|---|
| Title | Mark Mearl Bowersock, v. Daniel B. Feldstern | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE

On September 23, 2024, Mark Mearl Bowersock ("Plaintiff"), a California inmate proceeding pro se, filed a paid Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint") against Los Angeles Superior Court Judge Daniel B. Feldstern in his individual and official capacities. (Dkt. No. 1). The Complaint alleges Plaintiff was denied his First and Fourteenth Amendment rights when Judge Feldstern made certain rulings against Plaintiff, including denying Plaintiff's request for judicial notice.[1] (Complaint at 8-14 (as paginated on the Court's electronic docket)). Plaintiff seeks $350,000,000 in damages to remedy the alleged constitutional violations. (Complaint at 6).

Since Plaintiff is a prison inmate, his Complaint is subject to sua sponte review and must be dismissed if it is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915A; Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); see also Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000) (Section 1915A "applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee."); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies "to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid the filing fee.").[2]

---

[1] Although not entirely clear from the Complaint, it appears at least some of these rulings were made in response to a petition for resentencing Plaintiff filed pursuant to California Penal Code ("P.C.") § 1172.6. See People v. Bowersock, 2024 WL 3517422 (2024) (California Court of Appeal's decision affirming Judge Feldstern's denial of Plaintiff's P.C. § 1172.6 motion).

[2] Additionally, a "trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim[.]" Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981); see also Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (A "'trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).'" (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-8322 MRA (AS) | Date | January 21, 2025 |
|---|---|---|---|
| Title | Mark Mearl Bowersock, v. Daniel B. Feldstern | | |

    Plaintiff has filed suit against a Superior Court judge in his official and individual capacities. An official capacity suit against a public employee is equivalent to a suit against his or her employer, Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013), which in this case is the Los Angeles County Superior Court, a state agency. Munoz v. Superior Court of Los Angeles Cnty., 91 F.4th 977, 980 (9th Cir. 2024); Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). However, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court[,]" and "[t]his bar remains in effect when State officials are sued for damages in their official capacity." Graham, 473 U.S. at 169; Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" Dittman v. State of Cal., 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations omitted); Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009). Thus, the Eleventh Amendment appears to bar Plaintiff's claims against Judge Feldstern in his official capacity. See Munoz, 91 F.4th at 980-81 ("[T]he Superior Court of the State of California has sovereign immunity as an arm of the state" and "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment."); Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment . . . applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."). Nor does it appear Plaintiff can maintain a claim for damages against Judge Feldstern in his individual capacity since "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)); Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam).

    Given these deficiencies in Plaintiff's Complaint, IT IS THEREFORE ORDERED that Plaintiff shall show good cause in writing, within twenty-one (21) days from the date of this Order, as to why this action should not be dismissed for the reasons discussed herein. Alternatively, if Plaintiff does not wish to proceed with this action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline. **Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action for the reasons discussed herein and/or for failure to comply with a Court Order.**

    IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | AF |